No. 3103

Texas citizens who subscribe to a
charter of a Texas Corporation as required
by Art. 1303, V. A. C. S., are not required
to own any portion of the capital stock of
said corporation.

OFFICE OF THE ATTORNEY GENERAL

August 16, 1940

Honorable W. C. Flowers
Secretary of State
Austin, Texas

Dear Sir:                    Attention of Will Penn Richardson
                             O-3461
                             Opinion No. O-2462
                             Re: At the time of incorporation
                                 must at least two Texas citi-
                                 zens own some portion of the
                                 capital stock?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

We quote from your letter as follows:

"Article 1303 provides that Texas charters must
be subscribed by three or more persons, two of whom
must be citizens of this State, but we are unable to
find where there is any statute requiring three stock-
holders of a corporation when the charter is granted.
A charter has been presented to this office in which
an out of state resident owns all of the capital stock,
but two Texas citizens subscribed to the charter as
incorporators and acknowledged their signatures before
a notary.

"This department would respectfully request an
opinion as to whether the Texas Statutes and the deci-
sions of the courts require that at the time of incor-
poration at least two Texas citizens must own some
portion of the capital stock."

We assume, of course, that your request relates to a
private corporation organized and incorporated under the general
laws of the State, having capital stock and that by the term
"stockholder" you mean a subscriber to some portion of the capi-
tal stock. The question of whether or not the original incor-
porators must be subscribers to the capital stock has not been
decided by any Texas courts.

Articles 1303, 1304, 1305, 1306 and 1313, Vernon's Annotated Civil Statutes read as follows:

"Art. 1303. Private corporations may be created by the voluntary association of three or more persons for the purposes authorized by law and in the manner hereinafter mentioned.

"Art. 1304. A charter must be prepared setting forth:
1. The name of the corporation;
2. The purpose for which it is formed;
3. The place or places where its business is to be transacted;
4. The term for which it is to exist;
5. The number of directors or trustees, and the names and residences of those who are appointees for the first year;
6. The amount of its capital stock, if any, and the number of shares into which it is divided.

"Art. 1305. It must be subscribed by three or more persons, two of them must be citizens of this State, and must be acknowledged by them, before an officer duly authorized to take acknowledgments of deeds.

"Art. 1306. Before the charter of a private corporation created for profit can be filed by the Secretary of State, the full amount of its authorized capital stock must be in good faith subscribed by its stockholders and fifty per cent thereof paid in cash, or its equivalent in other property or labor done, the product of which shall be worth to the company the actual value at which it was taken or at which the property was received. The affidavit of those who executed the charter shall be furnished to the Secretary of State, showing:
1. The name, residence and postoffice address of each subscriber to the capital stock of such company;
2. The amount subscribed by each, and the amount paid by each;
3. The cash value of any property received, giving its description, location and from whom and the price at which it was received;
4. The amount, character and value of labor done, from whom, and price at which it was received.

"Art. 1313. When the stockholders of any company shall furnish satisfactory evidence to the Secretary of State of a compliance with the provisions of this chapter, said officer shall receive, and file the charter of such company in said office, upon application and the payment of all fees provided therefor, and give his certificate showing the filing of such charter and authority to do business thereunder. The charter shall thereupon be filed in the office of the Secretary of State who shall retain the original on file in said office. A copy of the charter, certified under the great seal of the State, shall be evidence of the creation

of the corporation. The existence of the corpora-
tion shall date from the filing of the charter in
the office of the Secretary of State. The certi-
ficate of the Secretary of State shall be evidence
of such filing."

We quote from Texas Jurisprudence, vol. 10, pages
651, 652 and 653 as follows:

"Although an application for a charter must
be signed by at least three persons, the statute
does not specify that each applicant must have
subscribed for a number of shares representing a
substantial interest in the intended corporate under-
taking. Nor is there any provision prohibiting one
person from acquiring all the stock of the corpora-
tion. The corporate form of organization is there-
fore legal when used by a single individual; and the
feature of limited liability for the obligations of
the corporation follows from the recognition by the
law of the corporation as a separate entity. How-
ever, in accordance with rules previously stated, a
stockholder who is practically sole owner of a cor-
poration and treats it as his alter ego may be held
individually responsible for all corporate transac-
tions under the law of agency. Similarly in such
case his acts are binding on the corporation, and
his conveyance is effective to pass the title of the
corporation to its property.

"In particular, a controlling stockholder is apt
to be identified with the corporation where corporate
assets have been treated by him as if they were his
individual property, the principle being firmly
established that the corporate funds are not avail-
able for his personal use except by way of divi-
dends out of profits, or by way of reasonable allow-
ance as salary. Obviously, one may not claim the
advantages and at the same time repudiate the res-
ponsibilities of the corporate form of organization;
and any use of the corporate funds as the individual
property of a sole substantial stockholder may be
treated as evidence that corporate transactions are
properly to be treated as imposing individual lia-
bility and individual transactions as imposing cor-
porate liability. Likewise, an act, although ultra
vires, may be held to be binding on the corporation
by estoppel resulting from the acts of the control-
ling stockholder.

"In short, while the corporate form of organi-
zation of a business is available to a one-man
concern, - and with it the principle of limited
liability, - the affairs of the corporation must
be conducted in a legitimate way, and neither
individual nor corporate creditors will be depriv-
ed of their just rights by a shuffling of the legal
personalities of the corporation and its controller.
On the other hand, it has been held that, although
a stockholder owning practically all the stock has
exceeded his rightful allowance by way of salary,
general creditors of the corporation - as distinguish-
ed from existing creditors thereby suffering preju-
dice - are not necessarily entitled to recover from
the recipients of the corporate funds.

"The situation which is presented where a man's business is shown to have been in a state of insolvency at the time when he organized a corporation to which he transferred his assets, is dealt with under the provisions of the Bankruptcy Act relating to fraudulent transfers of property. The only point requiring notice here is that it has been held that the corporation to which the property is transferred in the circumstances mentioned is affected with notice of its organizer's fraudulent intent, and so the property, though transferred to the corporation, may be reached by his individual creditors."

We quote Fletcher's Cyclopedia on Corporations, Vol. 1, pp. 157 and 158, § 108, as follows:

"§ 108. Corporators not having substantial interest in the corporation. In some states, the general laws authorizing the formation of corporators expressly provide that the corporators shall be subscribers for a certain number of shares of stock in the corporation, but unless it is expressly so required by the statute, the incorporators need not be subscribers for stock in the proposed corporation. Under some statutes, however, it is required that the incorporators shall be persons having an actual and real interest in the assets and in the welfare of the corporation. Where the incorporation statute does not so require, the fact that the original incorporators are not substantially interested in the corporation is no ground for setting aside a charter of incorporation which is otherwise valid". Densmore Oil Co. v. Densmore, 64 Pa. St. 43; Bristol Bank & Trust Co. v. Jonesboro Banking Trust Co., 101 Tenn. 545, 48 S. W. 228; State vs. Viner, 235 Mo. 312, 135 S. W. 463.

Art. 1305, supra, provides in effect that an application for a charter must be signed or subscribed to by three or more persons, two of whom must be citizens of this State; however, the statute does not specify that each signer must own or have subscribed for any number of shares of stock. Construing the above mentioned statutes together, we are of the opinion that said statutes do not require that at least two Texas citizens who are required to acknowledge and subscribe to charter as provided by Art. 1305, supra, must own any portion of the capital stock of said corporation. Therefore, your question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

This opinion has been considered in conference, approved and hereby ordered recorded.

GROVER SELLERS,
FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS